COOLEY LLP
MICHAEL G. RHODES (CA #116127)
(rhodesmg@cooley.com)
JOHN W. CRITTENDEN (CA #101634)
(jcrittenden@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

COOLEY LLP
PETER J. WILLSEY (*pro hac vice* pending)
(pwillsey@cooley.com)
MORGAN A. CHAMPION (*pro hac vice* pending)
(mchampion@cooley.com)
1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile:  (202) 842-7899

Attorneys for Plaintiffs
Jackson Family Wines, Inc. and LC TM Holding, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON FAMILY WINES, INC. and LC TM HOLDING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CONSTELLATION BRANDS, INC., CONSTELLATION BRANDS U.S. OPERATIONS, INC., and WOODBRIDGE WINERY, INC.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125**<br><br>**(3) TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247**<br><br>**(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jackson Family Wines, Inc. and LC TM Holding, LLC (collectively, "Plaintiffs") complain and allege against Constellation Brands, Inc., Constellation Brands U.S. Operations, Inc., and Woodbridge Winery, Inc. (collectively, "Defendants") as follows.

**THE PARTIES**

1. Plaintiff Jackson Family Wines, Inc. ("JFW") is a corporation organized under the laws of the State of Delaware with its principal place of business at 421 Aviation Blvd., Santa Rosa, CA 95403. JFW is the exclusive licensee of the LA CREMA trademark.

2. Plaintiff LC TM Holding, LLC ("LC TM") is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business at 421 Aviation Blvd., Santa Rosa, CA 95403. LC TM is the owner and licensor of the LA CREMA trademark.

3. Defendant Constellation Brands, Inc. ("CBI") is a corporation organized under the laws of the State of Delaware. On information and belief, CBI maintains its principal place of business at 235 North Bloomfield Road, Canandaigua, New York, 14424. On information and belief, CBI produces and distributes wine products under the CRÈME SOLAIRE trademark and is an owner, licensor, and/or licensee of the CRÈME SOLAIRE trademark.

4. Defendant Constellation Brands U.S. Operations, Inc. ("CBUS") is a corporation organized under the laws of the State of New York with its principal place of business at 207 High Point Drive, Building 100, Victor, New York 14564. On information and belief, CBUS develops, produces, bottles, and distributes wines under the assumed business name Woodbridge Winery; and is an owner, licensor, and/or licensee of the CRÈME SOLAIRE trademark.

5. Defendant Woodbridge Winery, Inc. ("Woodbridge") is a corporation organized under the laws of the State of California. On information and belief, Woodbridge maintains its principal place of business at 1649 East Victor Road #1C, Lodi, California 95240. On information and belief, Woodbridge owns the wineries that produce and distribute CRÈME SOLAIRE wine products; and is an owner, licensor, and/or licensee of the CRÈME SOLAIRE trademark.

**JURISDICTION AND VENUE**

6. This action is filed under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1501 *et seq.* (the "Lanham Act").

7. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

8. This Court has jurisdiction over the subject matter of the Third and Fourth Causes of Action asserted herein pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367, as these claims arise from the same core of operative facts as the claims arising under federal law.

9. Plaintiffs are informed and believe, and on that basis allege, that this Court has personal jurisdiction over Defendants because (i) Defendant Woodbridge has its principal place of business in the State of California and this judicial district; (ii) Defendants conduct business within the State of California and this judicial district; (iii) Defendants have caused their wine products to be advertised, promoted, and sold under the CRÈME SOLAIRE trademark in the State of California and this judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendants' contacts with the State of California and this judicial district; and (v) Defendants have caused tortious injury to Plaintiffs in the State of California and this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Defendant Woodbridge has its principal place of business in the State of California and this judicial district; (ii) Defendants conduct business within the State of California and this judicial district; (iii) Defendants have caused their wine products to be advertised, promoted, and sold under the CRÈME SOLAIRE trademark in the State of California and this judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendants' contacts with the State of California and this judicial district; and (v) Defendants have caused tortious injury to Plaintiffs in the State of California and this judicial district.

## INTRADISTRICT ASSIGNMENT

11. This is an Intellectual Property Action to be assigned on a district wide basis pursuant to Civil L.R. 3-2(c).

## FACTUAL BACKGROUND

### PLAINTIFFS' BUSINESS AND THE LA CREMA® TRADEMARK

12. JFW is a leading producer and distributor of highly acclaimed, premium wine varietals marketed and sold under the trademark LA CREMA. Plaintiffs have dedicated substantial efforts and resources over a number of years to developing and producing their renowned LA CREMA wines featuring the Burgundian varietals Chardonnay and Pinot Noir and also including Gewurztraminer, Pinot Gris, Pinot Noir Rosé, Riesling, Syrah, and Viognier. LA CREMA wines are hand-crafted to reflect the distinct character of five of the finest California appellations: Russian River Valley, Los Carneros, Anderson Valley, Sonoma Coast, and Monterey, as well as Oregon's Willamette Valley. As a result of Plaintiffs' efforts and acclaimed wine making, Plaintiffs' wines are widely considered by consumers and industry experts to be among the finest in the United States.

13. Since at least as early as October of 1987, Plaintiffs and their predecessors-in-interest have continuously used the inherently distinctive trademark LA CREMA to market and sell their wines throughout the United States.

14. LA CREMA wines are marketed and sold in all 50 states in the United States.

15. Plaintiffs have devoted substantial time, effort, and resources to the development and extensive promotion of the LA CREMA trademark and the wines offered thereunder. As a result of Plaintiffs' efforts and the superior quality of the wines offered under the LA CREMA trademark, the public has come to recognize and rely upon the LA CREMA trademark as an indication of high quality wines. Accordingly, the LA CREMA trademark enjoys substantial goodwill in the marketplace and is a valuable asset of Plaintiffs.

16. On October 10, 2000, the United States Patent & Trademark Office ("PTO") issued U.S. Trademark Registration No. 2,393,573 for the trademark LA CREMA in connection

Attorneys At Law
San Francisco

4.                                                                COMPLAINT

with "wines" (the "LA CREMA registration"), which is currently owned by LC TM. A true and correct copy of the LA CREMA registration certificate is attached hereto as Exhibit A.

17. The LA CREMA registration is in full force and effect on the PTO's Principal Register and gives rise to presumptions in favor of LC TM with respect to validity, ownership, and exclusive rights to use the LA CREMA trademark throughout the United States.

18. LC TM filed affidavits under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and the LA CREMA registration is incontestable.

19. LA CREMA wines are enormously popular and have received numerous accolades and awards over the years.

20. LA CREMA wines have annually outsold all other Chardonnays and Pinot Noirs priced over $15 in the United States since 2002. Currently, LA CREMA Chardonnay is the #1 selling Chardonnay priced above $12 and LA CREMA Pinot Noir is the #1 selling Pinot Noir priced above $20 in the United States.

21. The LA CREMA Chardonnay and Pinot Noir wines have consistently been ranked among the top 10 most popular wines by *Wine & Spirits Magazine* since 2002. In its annual "Wine and Spirits Restaurant Poll," published in April 2014, *Wine & Spirits Magazine* named LA CREMA the third most popular Pinot Noir, the eighth most popular Chardonnay, and the seventh most popular overall wine brand in America's restaurants, making it the only winery in the Top 10 for both Pinot Noir and Chardonnay.

22. In addition to JFW's own advertising and promotion efforts, LA CREMA has been the subject of widespread unsolicited attention from third party wine critics and media. Since 1992, LA CREMA Chardonnays and Pinot Noirs have received well over 200 scores of 90 points or above from wine publications. LA CREMA Chardonnays and Pinot Noirs are consistently awarded high scores from the most influential publications in the wine industry; in the past four years alone, *Wine Enthusiast* awarded LA CREMA wines at least sixteen scores of 90 points or above and *Robert Parker's Wine Advocate* awarded them at least twenty scores of 90 points or above.

23. As a result of Plaintiffs' widespread and exclusive use of the LA CREMA trademark in the United States, extensive advertising and promotion of the wines sold in connection with the LA CREMA trademark, continuous and unsolicited media coverage, the high degree of consumer recognition of the LA CREMA trademark, and the strong and loyal base of customers that JFW enjoys for its LA CREMA wines, among other factors, the LA CREMA trademark has become well known among the general consuming public in the United States and famous within the State of California and geographic areas thereof.

## DEFENDANTS' USE OF THE CRÈME SOLAIRE TRADEMARK

24. Defendant CBUS filed Trademark Application Serial No. 85/593,688 on April 10, 2012 with the PTO for the mark CRÈME SOLAIRE in connection with wine in International Class 33 (the "Initial Application"). The Initial Application was published in the *Official Gazette* of the PTO on September 4, 2012.

25. Plaintiffs expressed to CBUS their objections to the registration of the CRÈME SOLAIRE mark in connection with wine. CBUS withdrew the Initial Application on January 30, 2013.

26. Subsequently, on February 5, 2013, Defendant CBUS filed Trademark Application Serial No. 85/841,360 with the PTO for the mark CRÈME SOLAIRE in connection with wine in International Class 33 (the "Application"). A true and correct copy of the Application is attached hereto as Exhibit B. CBUS based the Application on its claimed use of the CRÈME SOLAIRE trademark in commerce since July 1, 2012. The Application was published in the *Official Gazette* of the PTO on July 30, 2013. On January 27, 2014, LC TM filed a Notice of Opposition with the Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB"), initiating Trademark Opposition No. 91214666 (the "Opposition") opposing registration of the CRÈME SOLAIRE trademark.

27. Defendants use the trademark CRÈME SOLAIRE in connection with wines sold in their "Woodbridge by Robert Mondavi" portfolio of wines.

28. Defendants' "Woodbridge by Robert Mondavi" wines are offered through the same marketing and trade channels and to the same target customers as Plaintiffs' LA CREMA

1  wines. Plaintiffs and Defendants each sell their wines through the same distribution system, with their products for sale in retail outlets including grocery, drug, and liquor stores, as well as restaurants, bars, and other venues, and through wine clubs. Additionally, both Plaintiffs' LA CREMA wines and Defendants' CRÈME SOLAIRE wines are marketed and sold directly to consumers in Northern California tasting rooms. Accordingly, it is likely that CRÈME SOLAIRE wines are or will be sold through the same channels that Plaintiffs' LA CREMA wines are sold.

29. The CRÈME SOLAIRE trademark is highly similar to the LA CREMA trademark, given that both three-syllable marks feature a dominant and virtually identical CRÈME or CREMA term. The English translation of both CRÈME and CREMA is "cream."

30. There is no issue as to priority of use. Plaintiffs began using the LA CREMA trademark nearly twenty-five years prior to Defendants' adoption of the confusingly similar CRÈME SOLAIRE trademark. Furthermore, Plaintiffs obtained a U.S. registration for the LA CREMA trademark eleven years prior to Defendants' adoption of the confusingly similar CRÈME SOLAIRE trademark. The LA CREMA trademark also acquired wide recognition among the national consuming public and became famous throughout California well prior to Defendants' use of the CRÈME SOLAIRE trademark.

31. Plaintiffs are not affiliated with Defendants or the wines that Defendants offer in the United States.

32. Plaintiffs have not consented to, sponsored, endorsed, or approved of Defendants' use of the confusingly similar CRÈME SOLAIRE trademark in connection with the production, marketing, or sale of any products or services.

33. Defendants' use of the CRÈME SOLAIRE trademark in connection with wines is likely to cause confusion in the marketplace and infringes Plaintiffs' valuable rights in the LA CREMA trademark.

34. Defendants' use of a trademark that is highly similar to Plaintiffs' LA CREMA trademark creates a false suggestion of an affiliation or connection between Defendants and Plaintiffs.

35. Defendants' use of the CRÈME SOLAIRE trademark dilutes the famous LA CREMA trademark in California and geographic regions thereof.

36. Plaintiffs are informed and believe, and on that basis allege, that Defendants had knowledge of Plaintiffs and their LA CREMA wines long before Defendants adopted the confusingly similar CRÈME SOLAIRE trademark. Accordingly, on information and belief, Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiffs and their LA CREMA trademark.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

37. Plaintiffs incorporate by reference paragraphs 1 through 36, inclusive, as if fully set forth here.

38. The LA CREMA trademark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiffs.

39. Plaintiffs are informed and believe, and on that basis allege, that Defendants have marketed and sold in commerce wines bearing the confusingly similar CRÈME SOLAIRE trademark.

40. Defendants' continued use of the CRÈME SOLAIRE trademark in connection with their wine products is likely to cause confusion, mistake, or deception as to the source or sponsorship of the products and/or is likely to lead the consuming public to believe that Plaintiffs have authorized, approved, or somehow sponsored Defendants' wine products.

41. Plaintiffs have no control over the nature and quality of the goods offered by Defendants under the CRÈME SOLAIRE trademark, and Plaintiffs' reputation and goodwill will be damaged and the value of the registered LA CREMA trademark jeopardized by Defendants' continued use of the CRÈME SOLAIRE trademark. Because of the likelihood of confusion between the parties' marks, defects, objections, or faults found with Defendants' wines marketed under the CRÈME SOLAIRE trademark could negatively reflect upon and injure the reputation that Plaintiffs have established for the wines it offers in connection with the registered LA

CREMA trademark. As such, Defendants are liable to Plaintiffs for infringement of a registered mark under 15 U.S.C. §1114.

42. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of the Defendants, which will continue unless Defendants are enjoined by this Court. Plaintiffs have no adequate remedy at law in that the amount of damage to Plaintiffs' business and reputation and the diminution of the goodwill of the LA CREMA trademark are difficult to ascertain with specificity. Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43. Plaintiffs are entitled to recover damages in an amount to be determined at trial and the profits made by Defendants on the sales of CRÈME SOLAIRE wine products. Furthermore, Plaintiffs are informed and believe, and on that basis allege, that Defendants' infringement of the registered LA CREMA trademark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the LA CREMA trademark and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## UNDER 15 U.S.C. § 1125

44. Plaintiffs incorporate by reference paragraphs 1 through 43, inclusive, as if fully set forth here.

45. Defendants have used in commerce and without Plaintiffs' authorization or consent the CRÈME SOLAIRE trademark in connection with wines, which is highly similar to the common law and registered LA CREMA trademark in appearance, sound, meaning, and commercial impression.

46. Defendants' actions as described herein are likely to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that

Plaintiffs have authorized, approved, or somehow sponsored Defendants' use of the CRÈME SOLAIRE trademark in connection with wines.

47. The aforesaid wrongful acts of Defendants constitute the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

48. Defendants' false designation of origin through use of the CRÈME SOLAIRE trademark has caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' LA CREMA trademark, business, reputation, and good will, for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49. Plaintiffs are entitled to recover damages in an amount to be determined at trial and profits made by Defendants on the sales of CRÈME SOLAIRE wines. Furthermore, Plaintiffs are informed and believe, and on that basis allege, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, deception, making this an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION

## TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247

50. Plaintiffs incorporate by reference paragraphs 1 through 49, inclusive, as if fully set forth here.

51. The LA CREMA trademark is distinctive and famous within the meaning of Cal. Bus. & Prof. Code § 14247.

52. Defendants' use of the CRÈME SOLAIRE trademark began after the LA CREMA trademark became famous.

53. Defendants' continued use of the CRÈME SOLAIRE trademark is likely to cause injury to Plaintiffs' business and reputation and the dilution of the distinctive quality of Plaintiffs' famous LA CREMA trademark in violation of Cal. Bus. & Prof. Code § 14247.

54. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court. Plaintiffs have no adequate remedy at law in that the amount of damage to Plaintiffs' business and reputation and the diminution of the goodwill of the LA CREMA trademark are difficult to ascertain with specificity. Plaintiffs are therefore entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 14247.

55. On information and belief, the actions of Defendants described herein were and continue to be deliberate and willful. Plaintiffs are therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on the sales of their CRÈME SOLAIRE wine products, and the costs of this action pursuant to Cal. Bus. & Prof. Code §§ 14247 and 14250.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.

56. Plaintiffs incorporate by reference paragraphs 1 through 55, inclusive, as if fully set forth here.

57. By the acts described herein, Defendants have engaged in unlawful and unfair business practices that have injured and will continue to injure Plaintiffs' business and property in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

58. Defendants' acts alleged herein have caused monetary damages to Plaintiffs in an amount to be proven at trial, and have caused, and will continue to cause, irreparable injury to Plaintiffs and their business, reputation, and trademarks, unless and until Defendants are permanently enjoined.

59. As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A. That this Court grant preliminary and permanent injunctive relief enjoining Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, affiliates, assigns and successors in interest, and all other persons acting in concert with them from (i) using the CRÈME SOLAIRE trademark in connection with the marketing, promotion, advertising, sale, or distribution of any wine product; and (ii) registering the CRÈME SOLAIRE trademark in connection with wine anywhere in the United States;

B. That this Court order Defendants to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

C. That Defendants be adjudged to have violated 15 U.S.C. § 1114 by infringing Plaintiffs' LA CREMA trademark;

D. That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiffs by using a false designation of origin for Defendants' wine products;

E. That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiffs under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

F. That Defendants be adjudged to have caused dilution of the LA CREMA mark under the laws of the State of California, Cal. Bus. & Prof. Code § 14247;

G. That this Court award Plaintiffs Defendants' profits derived as a result of the acts complained of herein;

H. That this Court award Plaintiffs three times Defendants' profits and three times all of Plaintiffs' damages, suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiffs' costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

I. That this Court award Plaintiffs damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq*;

J. That this Court award Plaintiffs three times Defendants' profits and three times Plaintiffs' damages suffered as a result of the willful, intentional, and deliberate acts in violation of Cal. Bus. & Prof. Code §§ 14247 and 14250;

K. That this Court award Plaintiffs prejudgment and post judgment interest;

L. That this Court award Plaintiffs the costs associated with the prosecution of this action; and

M. That this Court grant Plaintiffs such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury.

Dated: September 19, 2014

COOLEY LLP
MICHAEL G. RHODES (CA #116127)
JOHN W. CRITTENDEN (CA #101634)
PETER J. WILLSEY (*pro hac vice* pending)
MORGAN A. CHAMPION (*pro hac vice* pending)

*/s/ Michael G. Rhodes*
Michael G. Rhodes (CA #116127)

Attorneys for Plaintiffs Jackson Family Wines, Inc. and LC TM Holding, LLC

110099978 v4